## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In Re: |
**WILLIAM MORGAN LARSON**, |
| Case No. 14-25889 SBB
Debtor. |
| Chapter 11
SSN: XXX-XX-4154 |

### MOTION FOR ORDER AUTHORIZING SALE OF CATTLE

    **WILLIAM MORGAN LARSON** (the "Debtor"), by and through his undersigned counsel, pursuant to 11 U.S.C. § 363(b), (f) and (m) and Rules 2002(a)(2) and (c)(1), 6004, and 9014 of the Federal Rules of Bankruptcy Procedure, hereby requests that the Court grant relief, as set forth below, authorizing the Debtor to sell certain property. As grounds therefor, the Debtor states:

    1. The Debtor filed a voluntary petition with this Court under Chapter 11 of the United States Bankruptcy Code on November 25, 2014. The Debtor is operating his business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No creditors' committee has been appointed in this Chapter 11 case.

    2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and venue is appropriate pursuant to 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(N) and (O), and the Court has authority to enter a final order.

    3. The Debtor is in the business of ranching and feed lot operation. As part of the Debtor's business, periodically the Debtor buys and sells cattle. The Debtor currently owns approximately 650 cattle, which are encumbered only by the senior lien of First National Bank of Omaha ("FNB").

    4. The Debtor wishes to sell 281 head of cattle (the "Cattle") and pay the sale proceeds from same to FNB. The Cattle to be sold consist of 68 head of "1st 15 replacement heifers," 49 head of "bred gummers," and 164 head of "2014 calves." The Debtor believes that the sale of such Cattle is within the ordinary course of the Debtor's business as a rancher, but, since the proposed sale would be to an entity owned by his son, Eric Larson (the "Purchaser"), the Debtor and the Purchaser's financing bank wish to obtain the Court's approval for same. The agreement to purchase prescribes a aggregate sale price of $370,800.00, which price the Debtor believes to be a fair market price for the particular Cattle to be sold. Ordinarily, the Debtor consummates such transactions by means of a bill of sale.

    5. The Debtor desires to sell the Cattle for the benefit of his bankruptcy estate pursuant to 11 U.S.C. § 363. The Debtor believes that sale of the Cattle may be in the ordinary course of the Debtor's business, but to ensure that the Debtor is acting in compliance with the Bankruptcy Code and to ensure a proper title to the Purchaser, the Debtor proposes to sell the Cattle under § 363(b) and (f) upon Court approval. Under § 363(f), a debtor may sell property of the estate outside the ordinary course of his financial affairs upon Court approval.

    6. Subsection (f) of § 363 allows the Debtor, upon Court approval, to sell the Cattle free and clear of any interest or encumbrance under certain circumstances, including if the holder of such interest or encumbrance consents, if the sale price is greater than the aggregate value of all encumbrances, or if the

interest is in bona fide dispute.

7. The Cattle are encumbered by a first lien securing a promissory note to FNB in an amount substantially in excess of the sale price. However, the Debtor understands that FNB has no objection to the proposed sale. Thus, under §§ 363(b) and (f), the Debtor asserts that the Court may authorize the sale of the Cattle free and clear of any asserted interest. The sale proposed herein is not a plan and does not control the form or nature of eventual distributions to creditors.

8. The Debtor believes that a prompt sale of the Cattle free and clear of all liens, claims, and interests, pursuant to 11 U.S.C. Section 363(b), (f), and (m), is appropriate, warranted, and in the best interest of the Debtor's estate. The Debtor believes that substantial business justifications and exigent circumstances exist that require the prompt sale of this asset. A prompt sale of the Cattle will maximize the value of the Cattle for the benefit of the Debtor's estate. The Debtor believes and asserts that no greater price can achieved for the Cattle through further marketing.

9. To facilitate and in conjunction with the proposed sale of the Cattle, the Debtor would lease his partial interest in an appropriate brand to the Purchaser, who is already of co-owner of such brand.

10. The Debtor submits that the proposed sale of the Cattle described herein is fair, reasonable, and in the best interests of the Debtor, his creditors, and other parties in interest. Notice of this Motion has been given to all creditors and interested parties pursuant to Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtor requests that the Court enter its order (1) authorizing the Debtor to sell the Cattle free and clear of any and all liens, claims, interests, and encumbrances, pursuant to 11 U.S.C. § 363(b), (f) and (m), to the Purchaser under the terms noted above; (2) authorizing the Debtor to pay the sale proceeds to FNB as noted above, (3) authorizing the lease transfer of the Debtor's partial interest in the noted brand; (4) providing that the Purchaser is a good faith purchaser pursuant to 11 U.S.C. § 363(m); and (5) granting the Debtor such other and further relief as may be just and equitable.

Respectfully submitted this 30th day of January, 2015.

/s/Robert Padjen
Robert Padjen #14678
Laufer and Padjen LLC
5290 DTC Parkway Suite 150
Englewood, CO 80111
(303) 830-3173
(303) 830-3135 Fax
Attorney for Debtors

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2015, I caused the foregoing document to be deposited in the United States Mail, First Class postage prepaid, addressed to the list attached to the original hereof.

/s/Robert Padjen